IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD WATERHOUSE,

    Plaintiff,

v.                                                        CIV. 13-1230 MV/GBW

ROBERT STEWART, *et al.*,

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff's Motion for Certification of a Class Action and Appointment of Counsel. *Doc. 10.* Having reviewed the Motion, the Court finds that Plaintiff's request for counsel should be denied. Plaintiff's request to maintain a class action will be addressed in a separate order.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d

994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors.  Plaintiff's Motion, which is two pages long, requests appointment of counsel under Federal Rule of Civil Procedure 23(c)(1)(B).  This Rule provides that "[a]n order that certifies a class action must . . . appoint class counsel under Rule 23(g)."  The Court has not yet certified a class in this case, and Plaintiff articulates no other basis for appointment of counsel under the factors set forth in *Thomas*.  Furthermore, the applicable factors do not indicate that counsel should be appointed here.  Plaintiff's Complaint does not present novel or complex legal claims.  *Doc. 1.*  The Complaint, moreover, demonstrates Plaintiff's ability to coherently articulate his legal position.  *Doc. 1.*  Thus, based on the Court's own review, none of the *Thomas* factors support granting Plaintiff's Motion.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion (*doc. 10*) is DENIED as to Plaintiff's request for appointment of counsel.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE