IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD WATERHOUSE,

    Plaintiff,

 v.                                                          No. CIV 13-1230 MV/GBW

ROBERT STEWART, WARDEN,
TRANSPORT OFFICERS AND
DEPARTMENT OF CORRECTIONS,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, in a nine-hour bus trip with eleven other inmates, Plaintiff was transferred from one facility to another. Plaintiff alleges that the transport officers refused to make any rest stops during the trip, thus causing Plaintiff to urinate on himself. He alleges that Defendant Stewart failed to issue a memo directing drivers to take rest stops, and that Defendant Roark failed to adopt a policy of allowing restroom stops. Plaintiff contends that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments. The complaint seeks damages.

As unpleasant as the referenced transport trip may have been, Plaintiff's allegations do not support constitutional claims. Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's allegations do not describe wanton infliction of pain or disregard of an excessive risk to his health or safety, and thus the complaint fails to state a claim under the Eighth Amendment.

Nor do Plaintiff's allegations implicate the Due Process Clause. He does not assert procedural violations, and "where constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of substantive due process." *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996). Here, the complaint invokes the Eighth Amendment's protection against cruel or unusual punishment and not "[substantive] due process

protections [which] are accorded primarily 'to matters relating to marriage, family, procreation, and the right to bodily integrity.' " *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008). Because Plaintiff's allegations do not state a claim under the Due Process Clause, the Court will dismiss his complaint. *But see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE